UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES *ex rel.* ERIK K. SARGENT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:23-cv-00328-LEW |
| DENIS McDONOUGH, Secretary DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

In this matter, Plaintiff Erik Sargent insists that the United States should go sue itself.  The United States has reviewed the matter, intervened to take the reins of the False Claims Act count (Count I of the Amended Complaint), and now moves to dismiss.  Notice of Intervention and Motion to Dismiss (ECF No. 6).  Sargent opposes the motion and requests a hearing.  Response (ECF No. 7).

Pursuant to the False Claims Act ("FCA"), the Government may intervene within 60 days of the filing of a *qui tam* action, 31 U.S.C. § 3730(b)(2), and "may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."  *Id.* § 3730(c)(2)(A).  "The statute is silent, however, as to the nature of that hearing, the government's burden, and the factors

the district court should consider in evaluating the government's motion to dismiss." *Borzilleri v. Bayer Healthcare Pharm., Inc.*, 24 F.4th 32, 36–37 (1st Cir. 2022) (establishing parameters and standards), *abrogated by United States*, *ex rel. Polansky v. Executive Health Res., Inc.*, 599 U.S. 419 (2023).  The Supreme Court has since held that district courts must evaluate a motion to dismiss using Rule 41's standards.  *Polansky*, 599 U.S. at 435–36.  Where the motion to dismiss comes before the opposing party serves either an answer or a motion for summary judgment, dismissal is virtually an entitlement.  Fed. R. Civ. P. 41(a)(1); *Polansky*, 599 U.S. at 436 n.4.

Still, "[t]he FCA requires notice and an opportunity for a hearing before . . . dismissal can take place."  *Polansky*, 599 U.S. at 436.  As a consequence of the hearing, the court must consider the interest of the relator in having the action go forward.  *Id.* at 437.  That interest must be extraordinary, however, to override the Government's election, as the Government's motion to dismiss a *qui tam* action "will satisfy Rule 41 in all but the most exceptional cases."[1]  *Id.*  "If the Government offers a reasonable argument for why the burdens of continued litigation outweigh its benefits, the court should grant the motion. And that is so even if the relator presents a credible assessment to the contrary."  *Id.* at 438.

Here, the Government states that a courtroom hearing is not required and that briefing should suffice absent a showing to the contrary.  Motion at 6 (citing *Brutus Trading, LLC v. Standard Chartered Bank*, No. 20-2578, 2023 WL 5344973, at *3 (2d Cir.

---

[1] A relator's showing of a due process or equal protection violation might suffice, but what that would look like is unclear.  *Polansky*, 599 U.S. at 436 n.4.

Aug. 21, 2023)).  As for its reasons, it explains that unlike a *qui tam* action against a third party (*e.g.*, a government contractor), Plaintiff wants to have the United States pursue a false claims action against employees of the Department of Veterans Affairs.  The Government believes that it makes no sense for it to sue its own employees under the FCA and that any further expenditure of its resources on this matter outweighs any potential benefit.  Plaintiff responds that the Government ought to take his side in this matter and co-litigate[2] against its agents to recover $95,000.  As for the kind of exceptional showing that might call for a courtroom hearing, Plaintiffs states, "It's not obvious there are no constitutional implications dismissing claims against federal employees but not private employees."  Response at 2.  He opines, "The massive federal bureaucracy in cahoots with its private sector union should not be immune from [FCA] liability."  *Id.*  The Government replies that it is not seeking to immunize anyone, and that Plaintiff has not demonstrated that he has an interest of constitutional dimension that would be harmed by the dismissal of Count I.  Reply at 2 (ECF No. 8).

I find that the Government reasonably foresees little-to-no gain for its efforts and that there is no actual prospect that Plaintiff would reveal at a further hearing how dismissal of Count I will expose him to a constitutional injury.

---

[2] In addition to his FCA count, in Count II Plaintiff sues the Secretary of the Department of Veterans Affairs for retaliation in violation of 31 U.S.C. § 3730(h).

## CONCLUSION

The intervention of the United States is acknowledged.  Based on my review of the Amended Complaint and the motion papers, I find that Plaintiff has received an adequate hearing on the Government's Motion and has failed to show cause as to why a testimonial hearing is needed.  As Plaintiff has no constitutional interest in having the Government pursue a $95,000 recovery against the Secretary and certain co-workers Plaintiff is disaffected with, the Court sees no adjudicatory role that would be served by a further hearing.  The Motion to Dismiss (ECF No. 6) is GRANTED.  Count I of the Amended Complaint is DISMISSED.

SO ORDERED.

Dated this 26th day of February, 2024.

      /s/ Lance E. Walker
      UNITED STATES DISTRICT JUDGE