UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES *ex rel.* ERIK K. SARGENT, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00328-SDN |
| | ) | |
| DENIS McDONOUGH, Secretary DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER ON MOTION TO DISMISS</u>

The matter returns on Defendant Denis McDonough's, Secretary of the Department of Veterans Affairs ("VA"), second Motion to Dismiss (ECF No. 12). The Motion targets the sole remaining claim in this action which Plaintiff Erik Sargent ("Plaintiff") presses against Secretary McDonough under the anti-retaliation provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).[1]

---

[1] The FCA does not authorize claims against individual supervisors for their role in FCA-related retaliation, so Secretary McDonough would be the only viable defendant on the § 3730 claim, not the other, previously dismissed, individual defendants. *United States ex rel. Strubbe v. Crawford Cnty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2019); *Howell v. Town of Ball*, 827 F.3d 515, 529-30 (5th Cir. 2016); *United States ex rel. Karvelas v. Tufts Shared Servs., Inc.*, 433 F. Supp. 3d 174, 180-81 (D. Mass. 2019); *Orell v. UMass Mem'l Med. Ctr., Inc.*, 203 F. Supp. 2d 52, 66 (D. Mass. 2002); *Laborde v. Rivera-Dueno*, 2011 WL 814965, at *1 (D.P.R. Mar. 4, 2011); *see also Rangarajan v. Johns Hopkins Health Sys. Corp.*, 2014 WL 6666308, at *4-6 (D. Md. Nov. 21, 2014) (collecting cases).

# I.    Background

In his First Amended Complaint, Plaintiff alleges he was an employee of the VA Maine Healthcare System with authority to approve overtime for the Sensory and Rehabilitation Service Line (ECF No. 5, ¶¶ 15, 26, 28). Plaintiff approved overtime for an employee he refers to as "BF," who performed Community Care physical therapy consults for overtime compensation (ECF No. 5, ¶¶ 26, 86-87).

Plaintiff alleges in August of 2021, he learned that BF had reached her overtime cap for the year and was not eligible for any further overtime unless the overtime was COVID-related, which the Community Care consults BF was performing were not (ECF No. 5, ¶ 93). Plaintiff further alleges he also learned BF had not been logging onto her computer during the time she claimed she was performing the Community Care consults and was instead conducting the consults during her regular work hours while claiming they were done on overtime (ECF No. 5, ¶¶ 99, 128).

According to Plaintiff, the Medical Center Director (previously dismissed Defendant Tracye Davis) and the Chief of Staff of VA Maine (previously dismissed Defendant Todd Stapley) signed a "false waiver" of BF's overtime, deeming it "mission essential" to COVID and resulting in payment to BF of approximately $95,000 in overtime for which she was not eligible and did not actually work (ECF No. 5, ¶¶ 115, 117, 128, 136, 154). Plaintiff claims that, because he would not sign off on the waiver to approve BF's overtime as COVID-related, he was "demoted, harassed, and in other matters discriminated against in the terms and conditions of his employment" (ECF No. 5, ¶ 174).

Plaintiff filed his Complaint on August 24, 2023 (ECF No. 1), and his First Amended Complaint, *see* Fed. R. Civ. P. 15(a)(1)(A), on September 22, 2023 (ECF No. 5). The United States intervened in the matter on November 16, 2023, and moved to dismiss Count I of the First Amended Complaint for False Claim and Conspiracy under 31 U.S.C. § 3729(a)(1)(A)-(C), (ECF No. 6), which this Court granted on February 26, 2024 (ECF No. 9). The United States now moves to dismiss Sargent's remaining claim under the anti-retaliation provision of the FCA, 31 U.S.C. § 3730(h) (ECF No. 12).

## II.    Discussion

### A.  Motion to Dismiss Standard

The United States moves to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are of limited jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and the "party invoking the jurisdiction of a federal court carries the burden of proving its existence[,]" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)). On a "sufficiency challenge" to subject-matter jurisdiction, the inquiry is whether the plaintiff has "propounded an adequate basis for subject-matter jurisdiction." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). The Court credits the Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor to dispose of the challenge. *Id*. The Court may consider materials beyond the pleadings on a motion to dismiss for lack of subject-matter jurisdiction. *See id*.

## B. False Claims Act

The False Claims Act, 31 U.S.C. § 3729 *et seq*., authorizes civil penalties against persons who submit false claims for payment to the United States. 31 U.S.C. § 3729(a)(1). The FCA permits private persons to bring civil actions for false claims on behalf of themselves and the United States, called a *qui tam* action. *Id.* § 3730. If the suit is successful in recovering civil penalties for the United States, the *qui tam* plaintiff is awarded a portion of the penalties. *Id.* § 3730(d). The private person who brings a *qui tam* false claims action is referred to as a "relator." *Daly v. Dep't of Energy*, 741 F.Supp. 202, 203 (D. Colo. 1990). When a relator files a *qui tam* false claims case, the Government may intervene and control the case and is not bound by the acts of the relator. 31 U.S.C. § 3730.  Due to their access to inside information, the private persons most likely to bring *qui tam* false claims cases are employees of government contractors. *Daly*, 741 F.Supp. at 203. The anti-retaliation provision, under which Plaintiff brings this claim, protects relators from retaliation by their employers. 31 U.S.C. § 3730(h) ("Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole . . . .").

## C. Analysis

Secretary McDonough asserts the FCA does not permit Plaintiff to pursue his retaliation lawsuit against the United States because Plaintiff is a federal employee and, as such, Plaintiff's sole legal recourse is in the Civil Service Reform Act, 5 U.S.C. §§ 1214,

1221.[2] Plaintiff disagrees and emphasizes that Congress indicated that FCA actions can proceed "in any judicial district . . . in which the defendant . . . transacts business, or in which any act proscribed by section 3729 occurred." Pl.'s Resp. at 1-2 (ECF No. 16) (quoting 31 U.S.C. § 3732(a)). I grant the Motion to Dismiss, albeit on a different jurisdictional basis. Specifically, that the FCA does not authorize Plaintiff to pursue his FCA-derived retaliation claim against the United States.

As Sargent brings this claim against Secretary McDonough in his official capacity, (ECF No. 5 at 4 ¶ 19), and a judgment against the Secretary "would expend itself on the public treasury or domain," the Court construes the suit as one against the sovereign — the United States. *Dugan v. Rank*, 372 U.S. 609, 620, 622 (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947)); *Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir. 2005). The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Such consent, or waiver of sovereign immunity, "cannot be implied but must be unequivocally expressed." *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). A waiver of sovereign immunity must be "strictly construed." *Muirhead*, 427 F.3d at 17.

The Court first addresses Plaintiff's argument that 31 U.S.C. § 3732 confers subject-matter jurisdiction on this Court. Specifically, Plaintiff argues the Court has subject-matter jurisdiction because the statute authorizes FCA actions to proceed "in any judicial district . . . in which the defendant . . . transacts business, or in which any act proscribed by section 3729 occurred." Pl.'s Resp. at 1-2 (ECF No. 16) (quoting 31 U.S.C. § 3732(a)). Section 3732(a) states merely that venue is appropriate in any judicial district where the

---

[2] This Court so ruled in *Mallard v. Brennan*, No. 1:14-cv-00342-JAW, 2015 WL 2092545, at *10 (D. Me. May 5, 2015). I agree with Judge Woodcock's reasoning and conclude that *Mallard* affords an alternative reason for dismissal to the reason discussed in the body of this order.

defendant or any one defendant "can be found, resides, transacts business," or where an act prohibited by the FCA occurred. 31 U.S.C. § 3732(a). This language is not an unequivocal expression of Congressional intent to waive sovereign immunity. *See Testan*, 424 U.S. at 399 (quoting *Sherwood*, 312 U.S. at 586) (a waiver of sovereign immunity must be "unequivocally expressed").

The FCA's use of the word "persons" similarly does not evince a Congressional intent to waive sovereign immunity. In *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, the Supreme Court, applying its "longstanding interpretive presumption that 'person' does not include the sovereign," held that the FCA's authorization of actions against "persons" does not subject a State or state agency to potential liability. 529 U.S. 765, 780, 782 (2000). The Court explained that the interpretive presumption is not ironclad but requires for its undoing "some affirmative showing of statutory intent to the contrary." *Id.* at 781; *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 83 (1991) (the "conventional reading of 'person' may . . . be disregarded if '[t]he purpose, the subject matter, the context, the legislative history, [or] the executive interpretation of the statute . . . indicate an intent, by the use of the term, to bring state or nation within the scope of the law.'" (quoting *United States v. Cooper Corp.*, 312 U.S. 600, 605 (1941)). The Court could not identify any basis to conclude that Congress intended the FCA to authorize suits against the States. *Vt. Agency of Nat. Res.*, 529 U.S. at 787.

Here, the interpretive presumption against equating Sovereign with person requires the Court to conclude that the attempted FCA claim against the United States (via a claim against the Secretary of Veterans Affairs) must fail. Nothing in Plaintiff's Response can be fairly regarded as an affirmative showing of Congress's intent to override

this presumption. *See also* 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]"). The dearth of precedent involving FCA claims against federal agencies reflects this general understanding.

The principle of *Vermont Agency* reflects the inapplicability of the FCA regarding suits against the United States. As Judge Hunt of the Northern District of Illinois observed, "it is fundamental that the FCA allows a person to file suit on behalf of the federal government—not against it." *Nance v. United States*, No. 22-cv-03861, 2023 WL 5211606, at *7 (N.D. Ill. Aug. 14, 2023).[3]

Accordingly, the Court GRANTS the Motion to Dismiss and HEREBY DISMISSES Count Two and the case.

SO ORDERED.

Dated this 18th day of December, 2024

/s/ Stacey D. Neumann
U.S. District Judge

---

[3] Chief Judge Hall of the Southern District of Georgia also has trod this path in a related context, as have a few other jurists:

> A *qui tam* action against a federal agency does not present a justiciable case or controversy because it is, in essence, a suit by the United States against the United States. *See Juliano v. Fed. Asset Disposition Ass'n*, 736 F. Supp. 348, 351-53 (D.D.C. 1990), *aff'd*, 959 F.2d 1101 (D.C. Cir. 1992). And it is the longstanding practice of federal courts to "not engage in the academic pastime of rendering judgments in favor of persons against themselves." *United States v. I.C.C.*, 337 U.S. 426, 430 (1949) (noting "courts must look behind the names that symbolize the parties to determine whether a justiciable case or controversy is presented").

*Martin v. United States Dep't of Agric.*, No. 1:18-cv-00009, 2019 WL 166554, at *2 (S.D. Ga. Jan. 10, 2019). *See also United States ex rel. Heichberger v. City of Jacksonville, Florida*, 2018 WL 1915626, at *3 (M.D. Fla. Feb. 14, 2018), *report and recommendation adopted,* No. 3:17-cv-00902, 2018 WL 1915630 (M.D. Fla. Mar. 13, 2018) (collecting cases addressing the issue as presenting a question of whether the United States has waived its sovereign immunity for purposes of FCA suits).